UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARCUS ELDERKIN,

                           **Plaintiff,**

   vs.
                                                      9:20-CV-1043
                                                      (MAD/TWD)

LAMAR ROMEO, *Director, A.C.C.A.*,

                           **Defendant.**

---

**APPEARANCES:**                               **OF COUNSEL:**

**MARCUS ELDERKIN**
20-A-1491
Fishkill Correctional Facility
P.O. Box 1245
Beacon, New York 12508
Plaintiff *pro se*

**GLEASON DUNN WALSH & O'SHEA**     **MARK T. WALSH, ESQ.**
40 Beaver Street
Albany, New York 12207
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff Marcus Elderkin commenced this *pro se* action against the Addictions Care Center ("ACC"), ACC Director Lamar Romeo ("Defendant" or "Romeo"), and two unknown ACC staff members. Dkt. No. 1. Upon initial review of Plaintiff's amended complaint, the Court dismissed most of the claims and named Defendants but found that Plaintiff's Fourteenth Amendment claims brought pursuant to 42 U.S.C. § 1983 against Defendant Romeo required a response. *See* Dkt. No. 19.

1

Liberally construing the amended complaint and submissions in response to Defendant's motion to dismiss, Plaintiff alleges that in July of 2020, he was a participant in a drug program at ACC. *See* Dkt. No. 40. On July 24, 2020, Plaintiff claims that Defendant took him into his office to discuss claims that he was dealing drugs. *See id.* At that meeting, Plaintiff claims that Defendant locked Plaintiff in his office and "attempted to force my pants down." *Id.* According to Plaintiff, Defendant told him that if Plaintiff performed sexual acts for him, he would receive a "get out of jail free card[.]" *Id.* At this point, Plaintiff claims that Defendant forcefully attempted to remove Plaintiff's pants, causing his penis to become caught in his zipper, resulting in a cut on the top of his penis. *See id.* Plaintiff was ultimately dismissed from the ACC's program and was thereafter returned to jail. *See id.*

In a motion to dismiss filed on April 27, 2021, Defendant argues that Plaintiff's amended complaint must be dismissed because the ACC is a private, not-for-profit New York corporation and, therefore, its employees are not susceptible to claims brought pursuant to Section 1983. *See* Dkt. No. 36 at 5-10. In his response, Plaintiff does not specifically address any of the legal arguments raised in the motion and instead simply repeats the allegations raised in his amended complaint. *See* Dkt. No. 40.

In an October 18, 2021 Order and Report-Recommendation, Magistrate Judge Dancks recommended that the Court grant Defendant's motion. *See* Dkt. No. 47. Specifically, Magistrate Judge Dancks found that because the ACC, as a private treatment center, is not a state actor, its employees are not subject to suit under Section 1983. *See id.* at 5-6. In his objections dated October 22, 2021, Plaintiff contends that Defendant "was acting under color of State Law because [the] treatment center was fulfilling the role of the New York State Department of [C]orrections"

because Plaintiff "was required to undergo inpatient treatment at the A.C.C.A. as an outgrowth of [his] sentence." Dkt. No. 48 at 1.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id*. at 555 (citation omitted), and present claims that are "plausible on [their] face." *Id*. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id*. (quoting [*Twombly*, 550 U.S.] at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed." *Id*. at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has instructed that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In the present matter, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff's complaint must be dismissed because the ACC is a private not-for-profit corporation, who employees are not subject to suit under Section 1983. *See Am. Mfrs. Mut. Ins.*

4

*Co. v. Sullivan*, 560 U.S. 40, 49-50 (1999) (citations omitted).  In support of his motion, Defendant submitted a copy of ACC's current Certificate of Good Standing from the New York State Department of State to demonstrate that it is a New York not-for-profit corporation.  *See* Dkt. No. 36-3.[1]

      Magistrate Judge Dancks also correctly determined that, although there are certain circumstances in which a private person or entity can be said to be a state actor for purposes of Section 1983, Plaintiff has failed to allege facts in support of such an outcome.  Specifically, a private entity's activities can be attributed to the government in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test).  *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012).  Under each test, the fundamental question is whether the private entity's challenged actions are "fairly attributable" to the government.  *See id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

      Here, in his complaint and his objections to the Order and Report-Recommendation, Plaintiff claims that he was required to participate in an inpatient treatment program as an alternative to incarceration.  *See* Dkt. No. 1 at 5; Dkt. No. 48 at 1.  As Magistrate Judge Dancks correctly determined, even if Plaintiff was required to participate in an inpatient treatment program as an alternative to incarceration, this does not make Defendant or ACC stage actors subject to liability under Section 1983.  *See Liverpool v. City of New York*, No. 1:19-cv-5527,

---

[1] The Court may take judicial notice of ACC's status as a not-for-profit business incorporated in New York for purposes of deciding this motion.  *See Maller v. Rite Aid Corp.*, No. 1:14-cv-270, 2016 WL 1275628, *3 (N.D.N.Y. Mar. 31, 2016).

2019 WL 3745734, *2 (S.D.N.Y. Aug. 7, 2019); *Vaughn v. Phoenix House New York Inc.*, 957 F.3d 141, 147 (2d Cir. 2020) (holding that the treatment and care of the chemically dependent was not a function traditionally and exclusively reserved to the state, as would provide a basis for finding that private operator of residential drug habilitation program, to which the plaintiff had been assigned as an alternative to prison time for criminal charges, was a state actor for purposes of Section 1983). Since Plaintiff has failed to allege any facts suggesting that Defendant acted under color of state law, the Court grants Defendant's motion to dismiss. In light of his *pro se* status, however, the Court agrees with Magistrate Judge Dancks that Plaintiff should be afforded one final opportunity to amend his complaint to provide more detail as to ACC's relationship with his criminal sentence. *See Johnson v. White*, No. 06-cv-2540, 2010 WL 3958842, *4 (S.D.N.Y. Sept. 9, 2010).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' October 18, 2021 Order and Report-Recommendation is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 36) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 16) is **DISMISSED with leave to replead**; and the Court further

**ORDERS** that Plaintiff shall file a second amended complaint within **THIRTY (30) DAYS** of the date of this Order; and the Court further

**ORDERS** that if Plaintiff fails to file a second amended complaint within thirty (30) days of the date of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 12, 2022
       Albany, New York

Mae A. D'Agostino
U.S. District Judge